GREGORY A. YATES, SBN 63259
LAW OFFICES OF GREGORY A. YATES, P.C.
16830 Ventura Blvd., # 250
Encino, California 91436
TEL. (310) 858-6944
FAX. (818) 905-7038

Attorneys for Plaintiff,
PHILLIP GARCIA GUEVARA

FILED
CLERK, U.S. DISTRICT COURT

MAY 12 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PHILLIP GARCIA GUEVARA,

    Plaintiff,

vs.

CITY OF SANTA PAULA, CHIEF STEVE MACKINNON, and DOES 1 through 10, inclusive,

    Defendants.

Case No. CV11 04089 RGK (FFMx)

**COMPLAINT FOR DAMAGES**

1. VIOLATION/DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW
   [42 U.S.C. 1983, et. Seq.]
2. ASSAULT AND BATTERY;
3. VIOLATION OF CIVIL RIGHTS PURSUANT TO <u>CIVIL CODE</u> §§51.7 and 52.1(b)
4. NEGLIGENCE

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, PHILLIP GARCIA GUEVARA, and for causes of action against Defendants, and each of them, complain and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Honorable Court arises pursuant to Federal Statute, under 28 U.S.C. §§1331, 1343, and 1367. Jurisdiction is further established in this Honorable Court under 42 U.S.C. §§ 1983, 1985, and 1986.

///

2. Venue is proper in District Court, pursuant to 28 U.S.C. §1391, as the underlying acts, omissions, events, injuries and related facts and circumstances upon which the present action are based, occurred in the County of Ventura, State of California, within the boundaries of the Central District of this Honorable Court.

## GENERAL ALLEGATIONS

3. Plaintiff, an individual, is and at all times mentioned herein was, a resident of the State of California.

4. At all times mentioned herein Defendant CITY OF SANTA PAULA, and DOE 1, was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

5. Plaintiff is informed and believes and thereupon alleges, that at all times relevant herein, the individual Defendants, including CHIEF STEVE MACKINNON and DOES 2 through 10, and each of them, were residents of the State of California, and were Chiefs of police, sergeants, captains, lieutenants, detectives, commanders, police officers, and employees, agents, servants, policy makers and representatives of Defendants CITY OF SANTA PAULA and DOE 1. Each individual Defendant is sued in his individual capacity.

6. At all times relevant herein, Defendants CHIEF STEVE MACKINNON and DOES 2 through 10, and each of them, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of Defendants CITY OF SANTA PAULA, and DOE 1. Said Defendants were acting within the course and scope of their employment with Defendants CITY OF SANTA PAULA, and DOE 1, and the wrongful acts hereinafter described flow from the very exercise of their authority. Each Defendant was also acting as an employee, agent and representative of each and every other Defendant herein, and in doing the acts herein alleged were acting with the permission, consent, ratification and authority of their co-defendants.

///

7. Plaintiff is informed and believes, and thereupon alleges that at all times relevant herein, Defendant CHIEF STEVE MACKINNON and DOES 2 through 4 were Sheriffs, supervisors and policy makers for Defendants CITY OF SANTA PAULA and DOE 1.

8. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges, that each of the fictitiously named Defendants is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or and deprivation of rights hereinafter alleged. Plaintiff will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

9. Pursuant to Government Code §910, or about March 9, 2011, Plaintiff, in writing, duly presented to Defendants a claim for damages. Said claim was rejected by operation of law on April 22, 2011.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983
## AGAINST ALL DEFENDANTS

10. Plaintiff hereby realleges and incorporates each and every allegation set forth in Paragraphs 1 through 9 herein.

11. On or about October 9, 2010, Plaintiff was at his father's residence, cutting a credit card with a pair of scissors, when two (2) unidentified police officers, DOES 5 and 6, agents, employees and/or servants of Defendants CITY OF SANTA PAULA and DOE 1, and/or its police department, acting within the course and scope of their employment and under color of authority, entered and ordered Plaintiff to drop the scissors. The startled Plaintiff did not react immediately, and looked at the officers, when the officers shot Plaintiff at his abdomen. As Plaintiff was falling to

the ground, the officers tasered him on his hands, and then shot him for a the second time on the left side of his rib cage.

12. At no time did Plaintiff pose a threat to the officers, himself and/or others, and the use of force against him was unreasonable, unconstitutional, without cause or justification, excessive and illegal, and in violation of Plaintiff's constitutional rights to be free from excessive, unreasonable and unjustified force against his person, and to be free from cruel and unusual punishment, and in violation of his rights under the Fourth Amendment to the United States Constitution.

13. Plaintiff further alleges that Defendants CITY OF SANTA PAULA, CHIEF STEVE MACKINNON, and DOES 1 through 4, and each of them, acting with deliberate indifference to the rights and liberties of the public in general and of Plaintiff in particular, knowingly maintained, enforced, and applied a policy and practice of:

    a. Employing and retaining officers who said Defendants at all times material herein knew, or reasonably should have known, had dangerous propensities for abusing and/or neglecting their authority and committing acts of excessive force;

    b. Inadequately supervising, training, controlling, assigning and disciplining officers who said Defendants knew, or in the exercise of reasonable care should have known, had the afore-described propensities and character traits;

    c. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the conduct of the officers, particularly with respect to illegal acts and acts of excessive force;

    d. Fostering and encouraging a policy, pattern and practice of violence through their official positions, which proximately resulted in the excessive force on Plaintiff.

14. Defendant CHIEF STEVE MACKINNON, and DOES 2 through 4, and each of them, were policy makers for Defendants CITY OF SANTA PAULA and/or its police department, and knew and/or should have reasonably known that

Defendants DOES 5 and 6, and each of them, had a propensity to violate the civil rights of persons and/or to fail to prevent the violations of civil rights by others, including but not limited to, excessive, unreasonable and/or unjustified use of force, yet failed to adequately train, retrain, monitor, supervise and discipline said defendants.

15. Defendants CITY OF SANTA PAULA, CHIEF STEVE MACKINNON, and DOES 1 through 4, and each of them, as a matter of policy, custom and/or practice, have, with deliberate and reckless indifference, failed to adequately discipline, train or otherwise direct officers concerning the rights of suspects, permissible and/or excessive uses of force and otherwise reasonable dealings with suspects, thereby causing DOES 5 and 6, and each of them, to engage in the unlawful conduct described above.

16. Defendants CITY OF SANTA PAULA, CHIEF STEVE MACKINNON, and DOES 1 through 4, and each of them, have, as a matter of policy, custom and/or practice, with deliberate and reckless indifference, failed to properly sanction or discipline officers, including Defendant DOES 5 and 6, for violations of the constitutional rights of suspects, and have tolerated, ratified, permitted and condoned systematic misuse of force, excessive force by officers, thereby causing them to engage in said unlawful conduct.

17. Defendants CITY OF SANTA PAULA, CHIEF STEVE MACKINNON, and DOES 1 through 4, and each of them, had knowledge that some or all of the wrongs described in detail above, were about to be committed, had the power to prevent or aid in the prevention of commission of said wrongful acts and by reasonable diligence could have prevented the aforementioned wrongs conspired to be done, but neglected and or refused to prevent, or aid in the prevention of commission of said wrongs conspired to be done.

18. As a direct result of the wrongful conduct described herein, Plaintiff was hurt and injured in his health, strength and activity, sustaining, among other injuries,

injury to his body and person, shock, and injury to his nervous system, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. As a result of such injuries Plaintiff has suffered general damages in an amount according to proof and within the jurisdictional limits of the Superior Court. As a further direct and proximate result of the attack on Plaintiff, Plaintiff has incurred medical expenses, loss of earnings and loss of earnings capacity.

19. As a further direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment to the United States Constitution and the laws of the State of California, in violation of 42 U.S.C. §1983, including, but not limited to, his right to be free from unlawful arrests and from the use of excessive force.

20. Plaintiff is entitled to recover all damages provided for the violation of these rights and his personal injuries, including but not limited to, general and special damages according to proof, punitive damages, costs of suit and attorneys fees under 42 U.S.C. §1988.

21. The aforementioned acts of Defendants DOES 5 and 6, and each of them, were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Plaintiff, and in reckless, wanton and callous disregard of Plaintiff's safety, security and Civil Rights. By reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## ASSAULT AND BATTERY - AGAINST ALL DEFENDANTS EXCEPT CHIEF MACKINNON

22. Plaintiff hereby realleges and incorporates each and every allegation set forth in Paragraphs 1 through 21 as though set forth at length herein.

///

23. Plaintiff is informed and believes, and thereupon alleges, that Defendants DOES 5 and 6, and each of them, deliberately, and with premeditated intent to injure Plaintiff, and wrongfully used excessive force without lawful excuse and justification.

24. Defendants DOES 5 and 6, and each of them, willfully and unlawfully committed a battery on the person of Plaintiff. At the time of the aforementioned battery, the Plaintiff posed absolutely no threat to Defendants whatsoever.

25. The conduct of Defendants DOES 5 and 6, and each of them, described herein above, was done within the course and scope of their employment, agency and/or service with Defendants CITY OF SANTA PAULA, and DOE 1, and under color of their authority, and Defendants CITY OF SANTA PAULA and DOE 1, and each of them, are, therefore, vicariously liable for same under Government Code §§815.2, 815.3 and 820.

26. As a direct and proximate result of Defendants' actions, Plaintiff's sustained the damages described herein above.

27. The aforementioned acts of Defendants DOES 5 and 6 were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Plaintiff, and in reckless, wanton and callous disregard of his safety, security and Civil Rights. By reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS PURSUANT TO CIVIL CODE §§51.7 and 52.1(b)
### AGAINST ALL DEFENDANTS EXCEPT CHIEF MACKINNON

28. Plaintiff hereby realleges and incorporates each and every allegation set forth in Paragraphs 1 through 26 herein.

29. The use of force by the Defendants and the conduct of Defendants, and each of them, was unconstitutional, without cause or justification, excessive and

illegal, and was due to Plaintiff's race, color, religion, ancestry, national origin, disability, and/or medical condition, and violated Plaintiff's civil rights under Cal Civ. Code §§51.7 and 52.1(b).

30. As a direct and proximate result of Defendants' actions, Plaintiff's sustained the damages described herein above.

31. The conduct of Defendants DOES 5 and 6, and each of them, described herein above, was done within the course and scope of their employment, agency and/or service with Defendants CITY OF SANTA PAULA and DOE 1, and under color of their authority, and Defendants CITY OF SANTA PAULA and DOE 1, and each of them, are, therefore, vicariously liable for same under Government Code §§815.2, 815.3 and 820.

32. The aforementioned acts of Defendants DOES 5 and 6 were done by them knowingly, intentionally, and maliciously, for the purpose of harassment, oppression and inflicting injury upon Plaintiff, and in reckless, wanton and callous disregard of his safety, security and Civil Rights. By reason thereof, Plaintiff claims exemplary and punitive damages from said Defendants in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION -
## NEGLIGENCE
## AGAINST ALL DEFENDANTS EXCEPT CHIEF MACKINNON

33. Plaintiff re-alleges as though fully set forth at length and incorporated herein all of the allegations and statements contained in paragraphs 1 through 31, inclusive.

34. Pursuant to Penal Code §835, Defendants DOE 5 and 6, and each of them, were under a duty to use no more than reasonable force to arrest Plaintiff, prevent his escape or overcome his resistance. Said Defendants were under a duty not to use excessive force. By using excessive and unreasonable force as alleged herein above, Defendants breached their duty.

35. The conduct of Defendants DOES 5 and 6, and each of them, described herein above, was done within the course and scope of their employment, agency and/or service with Defendants CITY OF SANTA PAULA and DOE 1, and under color of their authority, and Defendants CITY OF SANTA PAULA and DOE 1, and each of them, are, therefore, vicariously liable for same under Government Code §§815.2, 815.3 and 820.

36. As a proximate result of the afore-described acts of Defendants, Plaintiff sustained the injuries and damages described herein above.

**WHEREFORE,** Plaintiff prays for Judgment against Defendants, as follows:

1. For general and special damages in an as yet unascertained amount but within the jurisdiction of the Superior Court according to proof at time of trial, plus interest thereon at the maximum legal rate;
2. For pre-Judgment interest, as recoverable;
3. For punitive damages against the individual defendants;
4. For reasonable attorneys' fees incurred herein and as recoverable;
5. For statutory damages;
6. For costs of suit incurred herein; and
7. For such other and further relief as the Court deems appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

Dated: May 6, 2011                LAW OFFICES OF GREGORY A. YATES, P.C.

                                  _____
                                  GREGORY A. YATES
                                  Attorney for Plaintiff,
                                  PHILLIP GARCIA GUEVARA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

### CV11- 4089 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Gregory A. Yates, Esq.
Law Offices of Gregory A. Yates, P.C.
16830 Ventura Blvd., Suite 250
Encino, CA 91436
(310) 858-6944

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Phillip Garcia Guevarra,

PLAINTIFF(S)

v.

City of Santa Paula, Chief Steve Mackinnon, and DOES 1 through 10, Inclusive,

DEFENDANT(S).

CASE NUMBER

CV11 04089 RGK (FFMx)

**SUMMONS**

TO: DEFENDANT(S): City of Santa Paula, Chief Steve Mackinnon, and DOES 1 through 10, Inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Gregory A. Yates, Esq., whose address is 16830 Ventura Blvd., Suite 250, Encino, CA 91436. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY 1 2 2011__    By: __CHRISTOPHER POWERS__
                               Deputy Clerk

                               (Seal of the Court)

                               1181

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Phillip Garcia Guevara

**DEFENDANTS**
City of Santa Paula, Chief Steve Mackinnon, and DOES 1 through 10, Inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gregory A. Yates, Esq. (SBN 63259)
Law Offices of Gregory A. Yates, P.C.
16830 Ventura Blvd., Suite 250, Encino, CA 91436

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983; Violation/Deprivation of Civil Rights Under Color of Law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | | |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | | | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☑ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

FOR OFFICE USE ONLY: Case Number: **CV11 04089**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 5/10/11

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |