Alan E. Wisotsky (SBN 68051)
Dirk DeGenna (SBN 188972)
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Tel:   (805) 278-0920
Fax:   (805) 278-0289
E-mail:  ddegenna@wps-law.net

Attorneys for Defendants CITY OF SANTA PAULA
and CHIEF STEVE MacKINNON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP GARCIA GUEVARA, | No. CV11-04089 RGK (FFMx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** [~~PROPOSED~~] |
| CITY OF SANTA PAULA, CHIEF STEVE MacKINNON, and DOES 1 through 10, inclusive, | **NOTE CHANGES MADE BY COURT** |
| Defendants. | |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The documents subject to this agreement are documents responsive to plaintiff's Request for Production (Set One). Defendant City of Santa Paula has responded with objections to Item Nos. 1, 2,5, 6, 8-15, 25, 26, 28, 52, 54, and 55 and served a privilege log (attached hereto as "Attachment 1") for documents and things for which defendant asserts various privileges.

2. The documents and items delineated in the privilege log, per a stipulation of the parties, are the proper subject of a privilege. The Court orders the following information to be confidential:

 (a) Santa Paula Police Department use of force reports (Bates Nos. 02252-02277);

1

    (b) CD with recorded statements of officers Walter Harper and Scott Varner (01087);

    (c) Reports regarding statements of officers Walter Harper and Scott Varner (02004-02022);

    (d) Walter Harper training logs (02058-02059);

    (e) Scott Varner training logs (02060);

    (f) Scott Varner personnel file (02061-02115);

    (g) Walter Harper personnel file (02116-02168); and

    (h) Internal affairs investigations regarding Walter Harper and Scott Varner (02297-02451).

  3. Defendants may redact highly personal and irrelevant confidential information regarding police officers contained in the personnel files and documents, including, but not limited to, home addresses, phone numbers, names of family members and references, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information. In addition, defendants may redact the name, address, and telephone number of non-party witnesses contained in the confidential documents concerning incidents apart from the incident giving rise to this litigation.

  4. The Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

  5. Said documents were acquired in confidence and are the proper subject of a privilege in connection with this litigation, and the defendants' concerns of privilege and other objections raised in their response and outlined in their privileges are adequately protected by the protective agreement and order.

  6. The defendants may produce to plaintiff's counsel the documents referenced in this protective order subject to the following protections:

   (a) All such documents, writings, and information will be considered confidential information. This confidential information shall be used solely in connection with this case and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose.

   (b) Said documents and information in connection with this litigation shall not be disclosed by plaintiff or his attorneys to anyone other than:

    (1) The plaintiff's attorney and staff;

    (2) Any expert or consultant hired or retained by plaintiff and his attorney;

    (3) Any judge or magistrate judge presiding over any aspect of this action;

    (4) Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute;

    (5) Subject to the below exceptions, any witnesses disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of the Federal Rules of Civil Procedure and local rules, or any deponent in the course of testifying or preparing for testimony.

  7. The materials contained in the personnel files of Walter Harper and Scott Varner shall not be provided to or reviewed by the plaintiff, the plaintiff's family, or friends of the plaintiff.

  8. Said documents and information shall not be provided to the news media, television, or radio, placed on the Internet, or published in any other fashion.

  9. All persons to whom said documents are disclosed in connection with this litigation will be apprised of this stipulation and of its binding nature on all persons connected with this case.

  10. To the extent that any confidential information is disclosed to a witness in connection with this litigation, pursuant to this order the documents shall be

///

appropriately marked "Confidential document produced in *Guevara v. City of Santa Paula, et al.,* subject to protective order."

11. Confidential information or documents shared with or otherwise disclosed to witnesses in connection with this litigation shall be returned to the disclosing party at the conclusion of this action. All copies of records, recordings, photographs, or any other materials produced pursuant to the protective order shall be returned to counsel for defendants forthwith at the conclusion of this action, not to exceed 30 days.

12. There is no concession by defendants as to the admissibility of such items herein disclosed, and defendants have the right to seek exclusion of any such items or the information contained therein or their existence either in limine or during trial.

13. Disclosure of said documents shall be made within ten days of receipt by defendants of a signed, conformed order of the Court.

**14. Nothing herein shall be construed as relieving anyone from fully complying with any obligations imposed by a duly issued subpoena or other process issued by a court or administrative agency. (FFM)**

**IT IS SO ORDERED.**

Dated:   1/12/12            /S/ FREDERICK F. MUMM
                            FREDERICK F. MUMM
                            United States Magistrate Judge